UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 30, 2017

LETTER TO COUNSEL

      RE:    *Wayne Allen Layton v. Commissioner, Social Security Administration*;
               Civil No. SAG-16-3753

Dear Counsel:

On November 20, 2016, Plaintiff Wayne Allen Layton petitioned this Court to review the Social Security Administration's final decision to deny his claims for benefits. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment. [ECF Nos. 17, 18]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Layton protectively filed a claim for Disability Insurance Benefits ("DIB") on June 13, 2010, alleging a disability onset date of August 5, 2009. (Tr. 62, 343-44). Mr. Layton later filed a claim for Supplemental Security Income ("SSI") on February 19, 2015, and amended his alleged disability onset date to May 31, 2013. (Tr. 379-86). His claim was denied initially and on reconsideration. (Tr. 144-59, 172-88). A hearing was held on March 1, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 102-43). Following the hearing, the ALJ determined that Mr. Layton was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 197-210). On August 26, 2014, the Appeals Council ("AC") granted Mr. Haiber's request for review, vacated the ALJ's decision, and remanded the case for further proceedings. (Tr. 216-18). Another hearing was held on April 9, 2015. (Tr. 57-101). Following the hearing, the ALJ again determined that Mr. Layton was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 37-56). The AC denied Mr. Layton's request for further review, (Tr. 1-7), so the ALJ's 2015 decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Layton suffered from the severe impairments of "mild lumbar degenerative disc disease, mood disorder, anxiety disorder, and polysubstance dependence/abuse." (Tr. 41). Despite these impairments, the ALJ determined that Mr. Layton would retain the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is
> further limited as follows: occasionally climbing ramps or stairs (never ladders,

>ropes, or scaffolds), balancing, stooping, kneeling, crouching, and crawling; and avoiding concentrated exposure to respiratory irritants. In addition, the claimant is limited to carrying out simple tasks in two-hour increments (which can be accommodated by regularly scheduled breaks); having occasional interaction with coworkers, supervisors, and the general public; and adapting to simple changes in a routine work setting.

(Tr. 45). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Layton could perform several jobs existing in the national economy and therefore was not disabled. (Tr. 48-50).

On appeal, Mr. Layton argues that the ALJ's holding runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). I agree that the ALJ's decision does not comport with *Mascio*, and that remand is therefore required. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Layton is not entitled to benefits is correct or incorrect.

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00-12.15 pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.00-12.15. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. at § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id*.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. at § 404.1620a(c)(4). To satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04, 12.06. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. at § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id*. at § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that, absent such an explanation, remand was necessary. *Id*.

In the instant case, the ALJ found that Mr. Layton had "no more than moderate difficulties [in concentration, persistence, or pace] if he stopped substance abuse and followed his recommended treatment." (Tr. 44). The ALJ noted that Mr. Layton's "mental status examinations and GAF scores significantly improve" with treatment and abstinence from drugs and alcohol, and that, during both of his administrative hearings, Mr. Layton "was able to follow along and answer questions without any lapse in attention." *Id.* The ALJ also noted that Mr. Layton is "able to read and write," and "writes things down so he does not forget them." *Id.* Additionally, the ALJ observed that the evidence did not show that Mr. Layton had "any significant thought disorder or cognitive deficit when sober." *Id.* According to 20 CFR § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 CFR § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

*Id.* at § 404.1520a(e)(4). The cursory analysis provided by the ALJ in Mr. Layton's case fails to fulfill these requirements. Without further explanation, I am unable to ascertain whether the ALJ truly believed Mr. Layton to have moderate difficulties in concentration, persistence, and pace when he refrains from substance abuse, instead of mild or no difficulties, and how those difficulties restrict his RFC to "simple tasks in two-hour increments (which can be accommodated by regularly scheduled breaks)." (Tr. 45). Indeed, the ALJ's analysis entirely fails to address Mr. Layton's pace or ability to sustain work over an eight-hour workday. In light of this inadequacy, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace and, if a moderate limitation is again found, should explain the reasons for that finding in order to permit an adequate evaluation of the moderate limitation under the dictates of *Mascio*.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 17), is DENIED, and Defendant's Motion for Summary Judgment, (ECF No. 18), is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States Magistrate Judge